# EXHIBIT A

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return | |
|---|---|---|---|---|
| STATE OF MICHIGAN<br>25th JUDICIAL DISTRICT<br>Marquette JUDICIAL CIRCUIT COUNTY | | SUMMONS | CASE NUMBER<br>25-4475 | -NI |

*Andrew Griffin*

**Court address**
234 W. Baraga Ave., Marquette, MI 49855

**Court telephone number**
(906) 225-8217

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| Richard T. Mager<br>202 County Road AJ<br>Champion, MI 49814 | v | 1616270 Ontario Inc d/b/a DM Transport<br>c/o Kevin Summers<br>Dean & Fulkerson, PC<br>100 W. Big Beaver, Suite 650<br>Troy, MI 48084 |

Plaintiff's attorney bar number, address, and telephone number
Dominic F. Andriacchi, Jr. (P76358)
321 W. Division St.
Ishpeming, MI 49849
(906) 486-4457

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 2-21-2025 | 5-23-2025 | Linda K. Talsma |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (3/23)  SUMMONS
SRA

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MARQUETTE

Richard T. Mager,

                Plaintiff,

vs.                                File No. 25-          -NI
                                        Hon. Andrew G. Griffin

**Arshdeep Singh Mann**, an individual,

and

**1616270 Ontario Inc d/b/a
DM Transport**, a foreign corporation,

                            Defendants.

                                                                FILED & ENTERED
                                                                 25th CIRCUIT COURT

DOMINIC F. ANDRIACCHI, P.C.
DOMINIC F. ANDRIACCHI (P35442)                            FEB 21 2025
DOMINIC F. ANDRIACCHI, JR. (P76358)
Attorneys for the Plaintiff                                               Marquette County Clerk
321 West Division Street
Ishpeming, Michigan 49849
(906) 486-4457; F: (906) 486-8551
andriacchilaw@gmail.com

## THE PLAINTIFF'S COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.

NOW COMES the Plaintiff, Richard T. Mager (Mager), by and through his attorneys, Dominic F. Andriacchi, P.C., and for his Complaint states as follows:

### JURISDICTION AND VENUE

1. The Plaintiff, Richard T. Mager (Mager), is an adult individual and, at all times relevant hereto, a resident of Marquette County, Michigan.

2. Defendant Arshdeep S. Mann (Mann) is an adult individual and, at all times relevant hereto, a resident of Ontario, Canada.

3. Defendant 1616270 Ontario Inc d/b/a DM Transport (DM Transport) is a Canadian corporation.

4. Defendant DM Transport is United States Department of Transportation number 2594381.

5. At all relevant times, Defendant DM Transport regularly, routinely, continuously, and systematically conducts business in Marquette County, Michigan.

6. Defendant DM Transport's filed BOC-3 form with the Federal Motor Carrier Safety Administration lists service of process at: All American Agents of Process, which has designated Kevin N. Summers, Dean & Fulkerson, PC, 100 W. Big Beaver, Suite 650, Troy, MI 48084 as the process agent in Michigan.

7. The underlying event that is the subject matter of this lawsuit occurred in Marquette County.

8. Mager claims damages more than $25,000.00.

9. Subject-matter jurisdiction is proper, because the amount in controversy exceeds $25,000.00, and the subject matter of this litigation is otherwise within the jurisdiction of this Court.

10. Venue is proper in Marquette County, because:
    a. Plaintiff Mager resides in Marquette County;
    b. Defendant Mann conducts business in Marquette County;
    c. Defendant DM Transport conducts business in Marquette County; and/or
    d. The underlying events giving rise to this lawsuit occurred in Marquette County.

GENERAL ALLEGATIONS:

11. The Plaintiff incorporates by reference all previous paragraphs.

12. On or about December 4, 2023, Defendant Mann was operating a 2022 Kenworth with a Vehicle Identification Number (VIN) 1XKYD49X6NJ499925 (2022 Kenworth).

2

13. The 2022 Kenworth is owned by, registered to, or otherwise titled to Defendant DM Transport.
14. On or about December 4, 2023, Mager was operating a 2017 Chevrolet Spark.
15. On December 4, 2023 at approximately 11:00 a.m. eastern, Mager was driving westbound on US 41 in Champion, Marquette County, Michigan.
16. The weather was clear.
17. The road surface was dry.
18. The speed limit in the immediate area of the subject motor vehicle crash is 55 miles per hour.
19. The speed limit is posted.
20. While driving westbound, Mager activated his left-turn signal and attempted to make a left turn.
21. Mager was wearing his seatbelt.
22. As Mager was attempting to make a left turn, Defendant Mann was operating the 2022 Kenworth.
23. Defendant Mann was driving westbound on US 41 behind Mager.
24. Defendant Mann failed to stop the 2022 Kenworth behind Mager.
25. Instead of stopping the 2022 Kenworth, Defendant Mann swerved to the left.
26. Defendant Mann swerved into the opposite lane of travel.
27. Defendant Mann swerved and crashed into Mager in the 2017 Chevrolet Spark.
28. The crash occurred at the intersection of US-41 and Furnace Street in Champion, Marquette County, Michigan.
29. As a result of the crash, Mager suffered serious and potentially permanent injuries requiring medical treatment, which include, but are not limited to, the following:
    a. A fractured midshaft humerus, which required surgery and physical therapy;
    b. Injuries necessitating surgery;
    c. Injuries necessitating medical treatment;

    d. Physical pain and suffering;

    e. Mental anguish;

    f. Denial of social pleasures and enjoyments;

    g. Fright and shock;

    h. Embarrassment;

    i. Humiliation;

    j. Mortification;

    k. Emotional distress;

    l. An increased susceptibility to future injury; and

    m. Such other injuries and damages as outlined in Mager's medical records and as may appear during the course of discovery and trial of this matter.

30. As a result of his injuries, Mager has sustained, and may continue to sustain, special damages including the cost of necessary medical care.

### COUNT I:
### AUTOMOBILE NEGLIGENCE AGAINST DEFENDANT MANN AND DEFENDANT DM TRANSPORT

31. The Plaintiff incorporates by reference all previous paragraphs.

32. Defendant Mann owed Mager many duties of care, including but not limited to, the following duties of care:

    a. to operate the vehicle of the roadway in a manner and at a safe rate of speed that would permit it to be stopped within a safe distance per MCL 257.627(1);

    b. Not to operate the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others per MCL 257.626(2);

    c. To maintain a reasonable and proper lookout;

    d. To see what is plainly there to be seen and give it due heed;

    e. Before proceeding, from a suitable observation of conditions then and there existing, to form a reasonable belief that it is safe to proceed;

4

    f. To exercise reasonable care and caution while driving a motor vehicle;

    g. To keep the vehicle constantly under control;

    h. To keep the vehicle in a reasonably safe manner to avoid injury to others; and

    i. To comply with the applicable standards necessitated for operation of a tractor trailer, including, but not limited to, the Federal Motor Carrier Safety Regulations.

33. Additionally, both Defendant Mann and Defendant DM Transport are presumed negligent as a matter of law pursuant to MCL 257.402(a), which states:

> In any action, in any court in this state when it is shown by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this state, the driver or operator of such first mentioned vehicle shall be deemed prima facie guilty of negligence. This section shall apply, in appropriate cases, to the owner of such first mentioned vehicle and to the employer of its driver or operator.

34. Defendant Mann breached some or all of the above duties of care, or other duties of care, including, but not limited to, when Defendant Mann crashed into Mager.

35. As a direct and proximate cause of Defendant Mann's breach of his driver's duties, Defendant Mann caused the crash involving Mager and the injuries to Mager stated in this Complaint resulted.

36. As a direct and proximate cause of Defendant Mann's negligence, Mager suffered, and may in the future suffer or may permanently suffer, the injuries and/or limitations stated in this Complaint.

37. According to operation of law, Defendant DM Transport is similarly presumed negligent per MCL 257.402(a) and is a direct and proximate cause of Mager's injuries stated in this Complaint.

WHEREFORE, Mager hereby claims damages and requests judgement against Defendant Mann and/or Defendant DM Transport in an amount deemed fair and just by the trier of fact, in

excess of $25,000.00, together with costs, interest, and attorney fees, as well as any other relief this Court deems fair and just.

## COUNT II:
### OWNER LIABILITY AGAINST DEFENDANT DM TRANSPORT

38. The Plaintiff incorporates by reference all previous paragraphs.

39. Pursuant to MCL 257.401(1), the owner of a motor vehicle liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a Michigan statute or the ordinary care required by common law.

40. Pursuant to MCL 257.402(a), the owner of a motor vehicle that overtakes and strikes the rear end of another vehicle proceeding in the same direction or lawfully standing upon the highway within this state is deemed prima facie guilty of negligence.

41. Pursuant to MCL 257.402(a), the employer of a motor vehicle operated by its driver or operator that overtakes and strikes the rear end of another vehicle proceeding in the same direction or lawfully standing upon the highway within this state is deemed prima facie guilty of negligence.

42. Defendant DM Transport granted permission to Defendant Mann to use and/or operate the 2022 Kenworth.

43. Defendant Mann is Defendant DM Transport's employee.

44. As such, as owner and employer, Defendant DM Transport is liable pursuant to MCL 257.401(1) for Defendant Mann's negligent and/or grossly negligent use and/or operation of the 2022 Kenworth.

45. Defendant Mann's use and/or operation of the 2022 Kenworth was negligent and/or grossly negligent for the reasons stated in this Complaint.

46. As a direct and proximate cause of Defendant Mann's negligence and/or gross negligence, Mager suffered serious injuries discussed previously in this Complaint.

47. Accordingly, Defendant DM Transport is similarly liable to Mager the injuries he suffered as previously discussed in this Complaint.

WHEREFORE, Mager hereby claims damages and requests judgement against Defendant DM Transport in an amount deemed fair and just by the trier of fact, in excess of $25,000.00, together with costs, interest, and attorney fees, as well as any other relief this Court deems fair and just.

### COUNT III:
### VICARIOUS LIABILITY/ RESPONDEAT SUPERIOR, AND
### NEGLIGENT ENTRUSTMENT/HIRING/TRAINING/SUPERVISION
### AGAINST DEFENDANT DM TRANSPORT

48. The Plaintiff incorporates by reference all previous paragraphs.
49. Defendant Mann is an employee of Defendant DM Transport.
50. As such, there is an employer-employee and/or principal-agent relationship between Defendant DM Transport and Defendant Mann.
51. As part of Defendant Mann's job responsibilities with Defendant DM Transport, Defendant Mann was to operate the 2022 Kenworth.
52. Defendant DM Transport allowed, permitted, or otherwise entrusted Defendant Mann with the 2022 Kenworth
53. Defendant DM Transport knew or should have known that Defendant Mann would otherwise use and/or operate the 2022 Kenworth
54. Accordingly, on December 4, 2023, Defendant Mann was acting within the course of his employment and within the scope of his authority.
55. Defendant DM Transport should have properly hired, trained, and/or supervised Defendant Mann, including, but not limited to, in the use of Defendant DM Transport's vehicles such as the 2022 Kenworth.

56. Defendant DM Transport knew or should have known that Defendant Mann's use and/or operation of the 2022 Kenworth would pose an unreasonable risk of physical harm to others based on Defendant Mann's youth, inexperience, lack of training, lack of supervision, or otherwise.
57. Defendant Mann's use and/or operation of the 2022 Kenworth was negligent and/or grossly negligent for the reasons stated in this Complaint.
58. As a direct and proximate cause of Defendant Mann's negligence, Mager suffered serious injuries discussed previously in this Complaint.
59. Defendant DM Transport is thus liable for the injuries that Defendant Mann caused to Mager.
60. Defendant DM Transport negligently entrusted its motor vehicle and the operation thereof to Defendant Mann who was incompetent and/or unfit to drive the motor vehicle.

WHEREFORE, Mager hereby claims damages and requests judgement against Defendant DM Transport in an amount deemed fair and just by the trier of fact, in excess of $25,000.00, together with costs, interest, and attorney fees, as well as any other relief this Court deems fair and just.

## COUNT IV:
### CLAIM FOR EXEMPLARY DAMAGES AND/OR GROSS NEGLIGENCE
### AGAINST DEFENDANT MANN AND DEFENDANT DM TRANSPORT

61. The Plaintiff incorporates by reference all previous paragraphs.
62. Because Defendant Mann was operating the 2022 Kenworth in a manner that prevented him from stopping the 2022 Kenworth before crashing into Mager and swerved into the opposite lane of travel, Defendant Mann's conduct amounts to malice, insult, wanton disregard for Mager's rights, gross negligence, and/or criminal indifference to Defendant Mann's civil obligations.

8

63. Because Defendant Mann was not properly trained to operate the 2022 Kenworth as alleged in this Complaint, Defendant DM Transport's conduct amounts to malice, insult, wanton disregard for Mager's rights, gross negligence, and/or criminal indifference to Defendant DM Transport's civil obligations.

64. Defendant Mann knew or should have known that his operating the 2022 Kenworth in a manner that prevented it from stopping and also swerving into the opposing traffic's lane presented an aggravated risk of injury to others including, but not limited to, Mager.

65. Defendant Mann knew or should have known that his operating the 2022 Kenworth in a manner that prevented it from stopping and swerving into the opposing traffic's lane was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted to others including, but not limited to, Mager.

66. Defendant DM Transport knew or should have known that failing to adequately hire, train, supervise, and/or entrusting the 2022 Kenworth to Defendant Mann operating the 2022 Kenworth in a manner that prevented it from stopping and also swerving into the opposing traffic's lane presented an aggravated risk of injury to others, including Mager.

67. Mager is thus entitled to exemplary damages for the humiliation, sense of outrage, and indignity resulting from injuries maliciously, willfully, and wantonly inflicted by Defendant Mann and/or Defendant DM Transport.

WHEREFORE, Mager hereby claims damages and requests judgement against Defendant Mann and/or Defendant DM Transport in an amount deemed fair and just by the trier of fact, in excess of $25,000.00, together with costs, interest, and attorney fees, as well as any other relief this Court deems fair and just.

Dated: 2-19-25

DOMINIC F. ANDRIACCHI, P.C.

By: *[signature]*

Dominic F. Andriacchi (P35442)
Dominic F. Andriacchi Jr. (P76358)
Attorneys for the Plaintiff

9

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MARQUETTE

Richard T. Mager,

                Plaintiff,

vs.

                                  File No. 25-      -NI
                                  Hon. Andrew G. Griffin

**Arshdeep Singh Mann**, an individual,

and

**1616270 Ontario Inc d/b/a
DM Transport**, a foreign corporation,

                Defendants.
_____

DOMINIC F. ANDRIACCHI, P.C.
DOMINIC F. ANDRIACCHI (P35442)
DOMINIC F. ANDRIACCHI, JR. (P76358)
Attorneys for the Plaintiff
321 West Division Street
Ishpeming, Michigan 49849
(906) 486-4457; F: (906) 486-8551
andriacchilaw@gmail.com

FILED & ENTERED
25th CIRCUIT COURT

FEB 21 2025

Marquette County Clerk

## THE PLAINTIFF'S JURY DEMAND

NOW COMES the Plaintiff, Richard T. Mager, by and through his attorney, Dominic F. Andriacchi, P.C., who hereby demands a jury as to all matters so triable.

Dated: 2-19-25                        DOMINIC F. ANDRIACCHI, P.C.

                                By: _____
                                     Dominic F. Andriacchi (P35442)
                                     Dominic F. Andriacchi Jr. (P76358)
                                     Attorneys for the Plaintiff